IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOMINIC BEB JOHNSON, ) | |
| AIS #260256, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-615-WKW |
| ) | |
| WEXFORD HEALTH SERVICE, ) | |
| ) | |
| Defendant. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION[1]

The plaintiff, a state inmate currently incarcerated at the Donaldson Correctional Facility ("Donaldson"), filed this 42 U.S.C. § 1983 action on August 19, 2020.[2] In the compliant, Johnson challenges the constitutionality of medical treatment provided to him in October of 2016 during his incarceration at the Draper Correctional Facility. He seeks monetary damages from the defendant.[3]

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

[2] The Clerk stamped the complaint "received" on August 24, 2020. Johnson, however, executed the complaint on August 19, 2020. Doc. 1 at 11. Thus, the latter date is the earliest date Johnson could have placed the complaint in the prison mail system. A pro se inmate's complaint is deemed filed under "the mailbox rule" the date he places it in the prison mail system for delivery to the court. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Fuller v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Consequently, the court considers August 19, 2020 as the date of filing for this action.

[3] This court may take judicial notice of its own records. *Nguyen v. United States,* 556 F.3d 1244, 1259 n.7 (11th Cir.2009). The court therefore takes judicial notice of the fact set forth in numerous other cases before it that Wexford Health Service, whose true name is Wexford Health Sources, Inc., did not serve as the contract medical care provider for the Alabama Department of Corrections in 2016 as its contract for such

Upon a thorough review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[4]

## II.  DISCUSSION

Johnson contends prison medical personnel injected a cream into his rectum as treatment for a rupture in his colon which a free world physician subsequently advised constituted the wrong medication and caused him to undergo emergency surgery. Doc. 1 at 5–6. Johnson states that all of this occurred in October of 2016. Doc. 1 at 6.

The instant complaint is subject to the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946–47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

---

care did not begin until April 1, 2018. Nevertheless, because the plaintiff's complaint is barred by the statute of limitations, the court will address the complaint as it is filed.

[4]The court granted Johnson leave to proceed *in forma pauperis* in this civil action. Doc. 3. The court is therefore obligated to screen the complaint for possible summary dismissal. 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case" for the reasons set forth herein.). Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint against government officials or employees] , the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Although state law supplies the statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original); *Lovett v. Ray,* 327 F.3d 1181, 1182 (11th Cir. 2003) (holding that "[f]ederal law determines when the statute of limitations begins to run."). The limitations period begins to run "from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Brown v. Ga. Bd. of Pardons and Paroles,* 335 F.3d 1259, 1261 (11th Cir. 2003) (quoting *Rozar v. Mullis,* 85 F.3d 556, 561–62 (11th Cir. 1996)). Thus, the limitations period began to run on the claim presented by Johnson in October of 2016.

The statutory tolling provisions set forth in *Ala. Code* § 6-2-8(a) afford no relief to Johnson from application of the time bar as he was neither legally insane nor under the age of 19 when his claim accrued.[5] Johnson also appears to assert that he is entitled to equitable tolling of the limitations period because he "didn't know the statute of limitations" or understand that his "constitutional rights [were] violated" at the time of accrual and did not gain such knowledge until a recent transfer to Donaldson Correctional Facility. Doc. 1-1

---

[5]The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action[.]" Ala. Code § 6-2-8(a). The court obtained relevant information regarding Johnson from entries on the case action summary sheet for the Montgomery County murder conviction on which he is now incarcerated that is maintained by the Alabama Trial Court System and hosted at www.alacourt.com. As permitted by applicable federal law, the court takes judicial notice of this state court record. *See Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014). It is clear from the complaint and state court record that Johnson had not been deemed legally insane in October of 2016. In addition, the state court record also demonstrates that Johnson was not under the age of 19 at the time the claim set forth in this case accrued.

at 1. These assertions, however, do not entitle Johnson to equitable tolling of the limitations period.

A federal limitation period "may be equitably tolled" when a plaintiff "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039–40 (11th Cir. 2002); *Drew v. Dep't of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The plaintiff bears the burden of showing that such extraordinary circumstances exist. *Justice [v. United States],* 6 F.3d [1474, 1479 (11th Cir.1993) ]. In determining whether a plaintiff meets this burden, we must keep in mind that '[equitable] tolling is an extraordinary remedy which should be extended only sparingly.' *Id.* (*citing Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990))." *Arce v. Garcia,* 434 F.3d 1254, 1261 (11th Cir. 2006). The law is well-settled that an inmate's limited access to legal resources, lack of legal knowledge, inability to understand legal principles, and/or inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000) (holding that ignorance of the law and *pro se* status do not constitute

"rare and exceptional" circumstances justifying equitable tolling). Because Johnson presents no extraordinary circumstances beyond his control and unavoidable with the exercise of diligence, equitable tolling of the limitation period is not warranted.

Unquestionably, the statute of limitations is usually a matter which is raised as an affirmative defense. The court notes, however, that when a plaintiff proceeds *in forma pauperis* in a civil action it may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915(d) [now§ 1915(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Johnson has no legal basis on which to proceed with respect to the claim he raises in the instant complaint challenging a medical procedure performed on him in October of 2016. As previously determined, the statutory tolling provision is unavailing and equitable tolling is not warranted. Consequently, the governing two-year period of limitations expired on the claim raised by Johnson in October of 2018, over a year and nine months prior to Johnson filing the instant complaint. In light of the foregoing, the court concludes that Johnson's complaint is barred by the applicable two-year statute of limitations and is therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Smith v. Shorestein*, 217 F. App'x 877, 880 (11th Cir. 2007) (stating "[t]he expiration of the statute of limitations warrants dismissing a complaint as frivolous.") (citing *Clark*, 915 F.2d at 640, n.2 (11th Cir. 1990)).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The complaint be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as it is not timely filed.

2. This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

On or before **September 10, 2020**, the plaintiff may file objections to this Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 27th day of August, 2020.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE